UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND H. WILBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV00005 ERW |
| | ) | |
| MONETA GROUP INVESTMENT ADVISORS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant's Motion to Dismiss [doc. #8]. The Defendant's Motion seeks dismissal of Counts II, III and IV of Plaintiff's Complaint.

**I. BACKGROUND**

Plaintiff filed suit against Defendant on January 3, 2006, requesting damages in the amount of $2.4 million for alleged investment losses during 2000 through 2002. Plaintiff is the Trustee and 95% beneficiary of the RHW, Incorporated Employee Profit Sharing 401(k) Plan ("Plan"). Defendant was hired as an investment advisor in 2000. Plaintiff alleges that as a result of Defendant's faulty investment advice, the value of the Plan's investments dropped from $4 million at the beginning of 2000 to $1.6 million by June 2002. Plaintiff specifically alleges in his Complaint, and Defendant admits in its Answer, that the Plan is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"). Moreover, both parties agree that Defendant served as a fiduciary, as it is defined under ERISA (*See* Complaint ¶ 9 and Answer ¶ 9). Plaintiff's Complaint articulates four theories of recovery: (1) Count I - Breach of Fiduciary Duty under ERISA; (2) Count II - Negligence; (3) Count III - Breach of Common Law

Fiduciary Duty; and (4) Count IV - Breach of Contract. Defendant has filed the instant Motion to Dismiss arguing that the theories of recovery alleged in Counts II, III and IV are preempted by ERISA.

**II. STANDARD OF REVIEW**

A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support" of a claim entitling him or her to relief. *Breedlove v. Earthgrains Baking*, 140 F.3d 797, 799 (8th Cir. 1998) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In an order on a motion to dismiss, the court must assume that all allegations in the complaint are true and construe all reasonable inferences in the plaintiff's favor. *Hafley v. Lohman*, 90 F.3d 264, 267 (8th Cir. 1996) (citing *McCormack v. Citibank*, N.A., 979 F.2d 643, 646 (8th Cir. 1992)). The complaint "should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Krentz v. Robertson*, 228 F.3d 897, 905 (8th Cir. 2000). However, a complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46.

**III. DISCUSSION**

ERISA explicitly preempts state laws relating to employee benefit plans. Specifically, "the provisions [of ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . .." 29 U.S.C. § 1144(a). An exception exists for state laws which regulate "insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A). In this

case, Plaintiff specifically alleges that the Plan was subject to ERISA. However, Plaintiff claims that his state law claims are not preempted because the state law causes of action do not "relate to" an employee benefit plan.

The Supreme Court has noted that "the express pre-emption provisions of ERISA are deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987); *see also Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 60 (1987) (noting the Court has clearly held that "state common law causes of action asserting improper processing of a claim for benefits under an [ERISA] employee benefit plan. . . are pre-empted by the Act"); *Parkman v. Prudential Ins. Co. of America*, 439 F.3d 767, 771 (8th Cir. 2006) (same); *Painter v. Golden Rule Ins. Co.*, 121 F.3d 436 (8th Cir.1997) (common law claim of breach of fiduciary duty preempted). "Nor, given the legislative history, can § 514(a) [of ERISA] be interpreted to pre-empt only state laws dealing with the subject matters covered by ERISA-reporting, disclosure, fiduciary responsibility, and the like." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98 (1983). However,

> [n]ot all state law claims that somehow affect a plan are preempted.. . .Some actions involving ERISA plans are clearly of this sort: run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan. . .although obviously affecting and involving ERISA plans and their trustees, are not pre-empted by ERISA.

*Bannister v. Sorenson*, 103 F.3d 632, 635 (8th Cir. 1996) (quoting *Mackey v. Lanier Collection Agency & Serv.*, 486 U.S. 825, 833 (1988)).

In order to determine whether the claim is preempted, the court must analyze whether the claim "relates to" any ERISA plan. In general, courts give the phrase "relates to" a very broad meaning. In *Metropolitan Life Insurance Company v. Massachusetts*, the Supreme Court held that "relates to" shall be "given its broad common-sense meaning, such that a state law

'relate[s] to' a benefit plan in the normal sense of the phrase, if it has a ***connection with*** or ***reference to*** such a plan." 471 U.S. 724, 739 (1985) (quoting *Shaw*, 463 U.S. at 97) (emphasis added); *see also Wilson v. Zoellner*, 114 F.3d 713, 716 (8th Cir. 1997). Based on the broad scope of the phrase "relates to," the Court reasoned that "[t]he pre-emption provision was intended to displace all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements. *Id*. Although the Supreme Court has indicated the broad scope of the phrase,

> [t]hat locution is not self-defining, and the Justices have been at least mildly schizophrenic in mapping its contours. The Court initially glossed the phrase by portraying the scope of ERISA preemption as 'deliberately expansive.' As time passed, it grew more guarded, emphasizing the 'starting presumption that Congress does not intend to supplant state law,' and warning that, unless congressional intent to preempt clearly appears, ERISA will not be deemed to supplant state law in areas traditionally regulated by the states.
>
> Importantly, these variations in emphasis have led the Court to conclude in recent years that the phrase 'relate to,' as used in ERISA's preemption provision, cannot be read literally.... To scale the phrase down to size, the Court has devised a disjunctive test: 'A law relate[s] to a covered employee benefit plan for purposes of § 514(a) if it [1] has a connection with or [2] a reference to such a plan.

*Minn. Chapter of Associated Builders and Contractors, Inc. v. Minn. Dept. of Pub. Safety*, 267 F.3d 807, 811-12 (8th Cir. 2001) (internal citations omitted).

"A state law has such a prohibited ***reference to*** an ERISA plan if the state law acts immediately and exclusively upon ERISA plans . . . or where the existence of ERISA plans is essential to the law's operation. . .." *Wilson*, 114 F.3d at 716 (quoting *California Div. of Labor Standards Enforcement v. Dillingham Constr.*, 519 U.S. 316, 324) (emphasis added). Count II of Plaintiff's Complaint alleges negligence on the part of Defendant. Plaintiff asseverates that Defendant breached its duty to provide sound investment advice. In Missouri, in order to prove negligence, a party must demonstrate "(1) the existence of a duty to conform to a certain standard

of conduct to protect others against unreasonable risks, (2) breach of the duty, (3) proximate cause, and (4) actual damages." *Sanders v. Slayden*, 944 S.W.2d 228, 230 (Mo. Ct. App. 1997). Count III of Plaintiff's Complaint avers that Defendant breached its fiduciary duty to Plaintiff by failing to prudently invest the Plan's funds in a diverse portfolio. In order to make a "submissible case" for a common law breach of a fiduciary relationship, a party must "present facts showing: (1) the existence of a fiduciary relationship between the parties, (2) a breach of the fiduciary duty, (3) causation, and (4) harm." *Grewell v. State Farm Mut. Auto. Ins. Co.*, 162 S.W.3d 503, 508 (Mo. Ct. App. 2005). Finally, in Count IV, Plaintiff alleges that Defendant breached explicit contractual duties to provide expert investment advice. "[A] breach of contract claim requires proof of (1) the existence of a valid contract; (2) the rights and obligations of the respective parties; (3) a breach; and (4) damages. *Howard Const. Co. v. Bentley Trucking, Inc.*, 186 S.W.3d 837, 844 (Mo. Ct. App. 2006) (quoting *Warren Davis Props. V, L.L.C. v. United Fire & Cas. Co.*, 111 S.W.3d 515, 521 (Mo.App. S.D.2003)).

This Court finds that Plaintiff's state law claims in Counts II, III and IV do not "actually or implicitly refer to ERISA plans," and therefore, the claims are not preempted on the basis of any reference to ERISA. *See Wilson*, 114 F.3d at 717 (because the existence of an ERISA plan was not essential to the operation of Missouri's state common law tort of negligent misrepresentation, plaintiff's claim tort action of negligent misrepresentation was not preempted on the basis of any reference to ERISA). All of the causes of action are of a general nature and are applicable in numerous non-ERISA matters.

Next, the Court must determine whether the state laws have a ***connection with*** a plan. To determine whether a sufficient connection exists, this Court must "look both to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would

survive as well as to the nature of the effect of the state law on ERISA plans." *Cal. Div. of Labor Standards Enforcement*, 519 U.S. at 325 (internal quotations and citation omitted).

> Travelers plainly signaled a significant analytic shift in regard to the 'connection with' portion of the ERISA preemption inquiry, abandoning strict textualism in favor of a more nuanced approach: For the same reasons that infinite relations cannot be the measure of pre-emption, neither can infinite connections. We simply must go beyond the unhelpful text and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive.

*Minn. Chapter of Associated Builders and Contractors, Inc.*, 267 F.3d at 812 (quoting *Carpenters Local Union No. 26 v. U.S. Fidelity & Guaranty Co.*, 215 F.3d 136, 139-40 (1st Cir. 2000). The Eighth Circuit has identified the following seven factors that should be considered by a court when making its determination:

> (1) whether the state law negates an ERISA plan provision, (2) whether the state law affects relations between primary ERISA entities, (3) whether the state law impacts the structure of ERISA plans, (4) whether the state law impacts the administration of ERISA plans, (5) whether the state law has an economic impact on ERISA plans, (6) whether preemption of the state law is consistent with other ERISA provisions, and (7) whether the state law is an exercise of traditional state power.

*Shea v. Esensten*, 208 F.3d 712, 718 (8th Cir.2000) (quoting *Ark. Blue Cross & Blue Shield v. St. Mary's Hosp., Inc.*, 947 F.2d 1341, 1344-45 (8th Cir.1991)); *see also Wilson*, 114 F.3d at 717. The seven factors are applicable to cases employing state statutory claims and also to cases relying on state common law. *Bannister v. Sorenson*, 103 F.3d at 636. "While none of these factors is itself determinative, they serve to focus and clarify the court's analysis." *Id*. at 635 (internal quotation omitted).

*Factor 1: Whether the state law negates an ERISA plan provision*[1]

---

[1]The Court notes at the outset that the typical analysis under this factor relates to whether the plaintiff is suing for plan benefits. In most cases analyzing the factors, the defendant is the plan. Here, the Defendant is not the Plan, but an investment advisor, allegedly acting as an

This Court finds that it is unclear at this time whether a Plan provision would be negated by allowing Plaintiff's state law claims to proceed. As a preliminary matter, the Court notes that the Plan has not been filed with this Court for the Court's review. However, the Court recognizes that the application of the ERISA statutory definition of a fiduciary varies in some respects from the common law definition. *See Varity Corp. v. Howe*, 516 U.S. 489, 528 (1996). ERISA provides that a

> person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a).

> In defining the term 'fiduciary' in § 3(21)(A) of ERISA, Congress struck a balance that it believed would protect plan participants without impinging on the ability of employers to make business decisions. In recognition that ERISA allows trustee-beneficiary arrangements that the common law of trusts generally forbids, Congress define[d] 'fiduciary' not in terms of formal trusteeship, but in functional terms of control and authority over the plan.

*Varity Corp.*, 516 U.S. at 527. Thus, the differences between the statutory and common law definition of fiduciary can potentially lead to inconsistent results. If Plaintiff is successful in pursuing his common law claim of breach of fiduciary duty, and at the same time, he is unsuccessful in his ERISA claim due to provisions of the Plan, it follows that the Plan provisions are likely being negated because of the differences between the state law and ERISA Plan. In other words, Plaintiff's attempt to hold Defendant liable under the Plan pursuant to ERISA might

---

ERISA fiduciary. Because the facts and circumstances in this case are different from other cases analyzing the factors, the factors must be applied to these unique circumstances existing in this case in a non-mechanical and flexible manner in such a way that the purposes of ERISA are considered and honored.

fail due to ERISA's less-favorable definition of fiduciary, while the same attempt to hold Defendant liable under the same theory based on state common law could prevail due to the common law's comparably more favorable definition. It seems likely that this potential for inconsistent results is the basis for ERISA's broad preemption doctrine. Similarly, Plaintiff's state law claims of negligence and breach of contract are also being advanced as alternatives if Plaintiff is unsuccessful in his claim under ERISA. Assuming the allegations in Plaintiff's Complaint are true, the Court finds that if the state law claims were permitted to proceed, the claims may negate an ERISA plan provision.

*Factors 2 & 3: Whether the state law affects relations between primary ERISA entities, and whether the state law impacts the structure of ERISA plans*

The Eighth Circuit's second and third factors are treated identically. ***Ark. Blue Cross & Blue Shield v. St. Mary's Hosp., Inc.***, 947 F.2d 1341, 1346 n. 4. For purposes of the analysis of these facts, the "[p]rimary ERISA entities are the employer, the plan, the plan fiduciaries, and the beneficiaries." ***Thrailkill v. Amsted Indus. Inc.***, 102 F. Supp.2d 1129, 1134 (W.D.Mo.,2000) (quoting ***St. Mary's***, 947 F.2d at 1346). Since Plaintiff is the Trustee of the Plan and Defendant is alleged by Plaintiff to be a plan fiduciary, the state law will clearly affect the relations between primary ERISA entities.

Plaintiff relies on ***Duffy v. King Cavalier***, 215 Cal. App.3d 1517 (Cal. Ct. App. 1989). In this California state case, the facts were strikingly similar to the facts before this Court in this case. In that case, the plaintiff served as trustee of a profit sharing plan. Defendant served as an investment advisor to the plan. Under the tenure of the defendant, the plan lost significant value. Plaintiff sued defendant alleging state claims of intentional misrepresentation and breach of

fiduciary duty.[2] Following a jury trial, the defendants made the argument that all of plaintiff's claims were preempted by ERISA. The court found that the state actions were not preempted, relying largely on the finding that the defendant was not an ERISA fiduciary and thus, the state law claims would not affect the plan. This case is quite different. Here, Plaintiff alleges and Defendant admits that Defendant was an ERISA fiduciary, and pursuant to 29 U.S.C. § 1109(a), Defendant is "personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary."

The Eighth Circuit analyzed the issue of preemption in a case in which the plaintiff sought relief under both ERISA and state law. *See Johnson v. U.S. Bancorp*, 387 F.3d 939 (8th Cir. 2004). In *Johnson*, Defendant's Severance Administration Committee denied Plaintiff's claims for severance pay. While the case did not deal specifically with a fiduciary relationship, the plaintiff did assert both a claim under ERISA and a claim for breach of contract under state law. As in this case, the plaintiff's complaint included allegations that the plan was governed by ERISA. The district court dismissed the state law breach of contract claim, and the Eighth Circuit affirmed. The Eighth Circuit reasoned that "[i]t is well-established that ERISA's civil enforcement provisions are the exclusive remedies for participants seeking to recover benefits under an ERISA plan." *Id.* at 942.

*Factor 4: Whether the state law impacts the administration of ERISA plans*

---

[2]The Court notes that earlier versions of plaintiff's complaint alleging ERISA violations were dismissed because the defendant was a third party and not an ERISA fiduciary. *Duffy*, 215 Cal. App.3d at 1526 n.3-4. Here, Plaintiff alleges, and Defendant admits, that Defendant was an ERISA fiduciary.

Plaintiff is specifically challenging Defendant's actions as an ERISA fiduciary. Plaintiff alleges that Defendant failed to diversify and prudently invest the Plan funds.[3] Clearly, the state law impacts the administration of the Plan if Defendant is an ERISA fiduciary. *See Mathis v. Amer. Group Life Ins. Co.*, 873 F. Supp. 1348, 1355 (E.D. Mo. 1994) (plaintiffs' claim for negligent breach of duty was preempted because it was based on the interpretation, operation, or application of an employee benefit plan); *Consolidated Beef Industries, Inc. v. New York Life Ins. Co.*, 949 F.2d 960, 963 (8th Cir. 1991) ("Given ERISA's broad pre-emption provision, state law claims for improper plan administration are pre-empted.").

In *Dudley Supermarket, Inc. v. Transamerica Life Ins. & Annuity Co.*, 302 F.3d 1, 3 (1st Cir. 2002), the First Circuit analyzed the issue of whether the plaintiff's state law claims were preempted by ERISA. The Court reasoned that "[t]here can be no doubt that if [plaintiff's] purported state law claims in fact charged [defendant] with breach of fiduciary duty while acting as an ERISA fiduciary, ERISA would preempt completely their claims which thus would have to be asserted, if at all, under ERISA." *Id.* Finding that the defendant was an ERISA fiduciary, the court held that the state law claims were preempted since the defendant, as an ERISA fiduciary, gave inadequate investment advice, falling "squarely within the exclusive scope of the federal civil enforcement provisions of ERISA." *Id.* at 4. In this case, Plaintiff *affirmatively alleges* that Defendant was an ERISA fiduciary. This Court finds that, as in *Dudley*, Plaintiff's claims fall squarely under the provisions of ERISA.

*Factor 5: Whether the state law has an economic impact on ERISA plans*

---

[3]The Court notes that these duties are specifically prescribed under the provisions of ERISA. *See* 29 U.S.C. § 1104.

Accepting that Defendant is an ERISA fiduciary, Defendant will be "personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary" if it breached any the prescribed duties of a fiduciary under ERISA. Plaintiff, as Trustee for the Plan, seeks the same relief under state law. Thus, the state claims will economically impact the Plan.

*Factor 6: Whether preemption of the state law is consistent with other ERISA provisions*

A cause of action exists for breach of fiduciary duty under the provisions of ERISA precisely for cases such as this case. A primary reason for ERISA's broad preemption provision is to achieve uniform treatment of benefit plan entities in cases covered by the provisions of ERISA. *See* 120 Cong. Rec. 29,942 (1974). Here, Plaintiff's state law claims are clearly connected to the Plan and should be preempted according to 29 U.S.C. § 1144(a).

*Factor 7: Whether the state law is an exercise of traditional state power*

This Court recognizes that Missouri exercises a traditional state power in adjudicating claims of breach of contract, breach of fiduciary duty and negligence. That being said, the preemption clause under ERISA "contemplated the pre-emption of substantial areas of traditional state regulation" including "reporting, disclosure, fiduciary responsibility, and the like." *Wilson*, 114 F.3d at 720. Here, Plaintiff's purported state claims revolve around Defendant's fiduciary responsibilities, an area specifically meant to be preempted by Congress. This Court holds that Plaintiff's state law claims are preempted by ERISA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Case [doc. # 8] is **GRANTED**. Counts II, III and IV of Plaintiff's Complaint are **DISMISSED with Prejudice**.

Dated this 17th day of May, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE