UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYMOND H. WILBERS, TRUSTEE, ) <br> RHW, INC. EMPLOYEE PROFIT ) <br> SHARING 401(k) PLAN, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> MONETA GROUP INVESTMENT ) <br> ADVISORS, INC., ) <br> ) <br> Defendant(s). ) | Case No. 4:06CV00005ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Stay Pending Arbitration [doc. #31] and Defendant's Motion for Temporary, Preliminary and Permanent Injunctive Relief Partially Staying AAA Arbitration Case No. 30 435 00617 06 [doc. #35].

## **I. BACKGROUND FACTS**

On January 3, 2006 the Plaintiff filed suit against Defendant, alleging breach of fiduciary duties in managing investment accounts on behalf of the RHW, Inc. Employee Profit Sharing 401(k) Plan pursuant to a service and fee agreement. On the same date, the Plaintiff in his personal capacity, along with other members of his immediate family, filed suit in Circuit Court against the Defendants. The Defendant filed a motion to stay the Circuit Court proceeding pending arbitration, pursuant to a Limited Power of Attorney ("LPOA") form that was signed by the Circuit Court Plaintiffs and Moneta's agents Patrick Duff and Steven Finerty. Notwithstanding objections by the Plaintiffs, the Circuit Court ruled in favor of the Defendant and ordered the case stayed pending arbitration. The Circuit Court made this ruling on July 18, 2006.

1

Pursuant to the Circuit Court order, the Plaintiff filed a statement of claim in the arbitration proceeding on September 11, 2006. The Plaintiff's statement of claim included claims relating to the investment accounts which are the subject of litigation in this Court. Subsequently, the Plaintiff filed a Motion to Stay the present action, to have all claims against the Defendant heard in arbitration. Defendant opposes this motion, and filed a Motion to enjoin the Arbitration proceedings as to any claims that are currently pending before this Court.

**II. STANDARD**

The Arbitration Act, United States Code Title 9, § 3, states in pertinent part

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . ..

The Supreme Court has recognized that the Arbitration Act "is a congressional declaration of a liberal federal policy favoring arbitration agreements . . .." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983). In even stronger language, the Court stated "[t]he Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Id.* at 24-25. This federal preference for arbitration is not easily overcome, and the Arbitration Act itself, cited above, dictates that this Court shall stay the trial until "arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

This liberal policy favoring arbitration can be overcome in limited circumstances, where the court finds the party seeking arbitration has waived their right to it. *Kelly v. Golden*, 352 F.3d 344, 349 (8th Cir. 2003). The Eighth Circuit, in the case of *Stifel, Nicolaus & Co. Inc. v.*

2

*Freeman*, stated three requirements that the party seeking to show waiver must prove to overcome the policy in favor of arbitration. 924 F.2d 157, 158 (8th Cir. 1991). The opposing party must prove that the party seeking arbitration 1) knew of an existing right to arbitrate; 2) acted inconsistently with that right; and 3) that they were prejudiced by the inconsistent action. *Id. See also Kelly,* 352 F.3d at 349; *MCI Communications Corp. v. The American Arbitration Association*, 45 F.3d 433, 433 (8th Cir. 1995).

Once it is determined that the party seeking arbitration knew of this right and acted inconsistently with it, it is necessary to demonstrate prejudice to the opposing party. *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2nd Cir. 1985) ("It is beyond question that defendants' delay in seeking arbitration during approximately eight months of pretrial proceedings is insufficient by itself to constitute a waiver of the right to arbitrate, for in addition, prejudice . . . must be shown."). The court in *Stifel* held that "whether inconsistent actions constitute prejudice is determined on a case-by-case basis." 924 F.2d at 159. They gave examples of what might constitute prejudice; these included "lost evidence, duplication of efforts, use of discovery methods unavailable in arbitration, or litigation of substantial issues going to the merits . . .." *Id*. (internal citations omitted). In reaching its decision it is important to note that "when considering these factors, we will resolve in favor of arbitration any doubts concerning the allegation of waiver." *Id.* at 158.

### III. DISCUSSION

In the present case, the parties only briefly address whether there is an enforceable arbitration agreement. In a footnote of their Memorandum in Support of their Motion for Injunctive Relief, the Defendant notes that "whether Wilbers could have compelled Moneta to arbitrate the dispute pending before this Court based on the arbitration agreement found in the

Schwab account papers is not certain . . .." They go on to say that the Court need not address this question unless the Court finds no waiver.[1] As the Plaintiffs are seeking arbitration pursuant to the LPOA forms which are identical to those that were at issue in the Circuit court proceeding, it would appear to this Court that the Defendant has agreed that there is an enforceable arbitration provision by invoking it in Circuit Court. This Court will therefore assume that the issues presented in this Federal Court action are subject to an enforceable arbitration agreement, pursuant to the LPOA form.

It is subsequently necessary to determine whether Plaintiff has waived its right to enforce the arbitration agreement by filing suit.[2] The first requirement that Defendant must prove is that the Plaintiff knew of an existing right to arbitration. *Stifel*, 924 F.2d at 158. The Defendant states that the Plaintiff should have known of its right to arbitration prior to filing suit because it signed the LPOA which included the arbitration provision in August, 1995. *Def. Mem. in Opp'n to Pl. Mot. to Stay*, 11. The Plaintiff argues that it was not until after the Defendant successfully argued its motion in Circuit Court that the Plaintiff became aware of its right to arbitrate. *Pl. Suggestions in Supp. of Mot. to Stay,* 2. If Plaintiff was aware of his right to arbitrate upon filing suit, then he has spent eight months in federal court prosecuting this action prior to seeking arbitration. The Defendant's argument is supported by a Ninth Circuit opinion where the court looked to the language of the contract, which provided for arbitration of disputes, as evidence

---

[1] By addressing the issue of waiver without first addressing the issue of arbitrability, the Defendant appears to be conceding this point, as without an arbitrable claim the issue of waiver is irrelevant. This is further supported by Defendants argument that Plaintiff was aware of the right to arbitrate when he signed the LPOA in August, 1995. *Def. Mem. In Opp'n to Pl. Mot. to Stay Pending Arbitration*, 11 ("Wilbers, through counsel, affirmatively (**and correctly**) asserts that in August 1995, he signed an LPOA Form in which he agreed to settle through arbitration all controversies with Moneta." (emphasis added)).

[2] Again, emphasizing the federal preference against a finding of waiver.

4

that the parties had knowledge of the arbitration provision upon filing suit. *Hoffman Construction Co. of Oregon v. Active Erectors and Installers, Inc.*, 969 F.2d 796, 798 (9th Cir. 1992). However, the case at bar is distinguishable because of the existence of two distinct agreements, one containing an arbitration provision, the LPOA, and one without, the Service and Fee Agreement. Plaintiff contends that believed the transactions in question were governed by the Service and Fee Agreement. *Pl. Suggestions in Supp of Mot. to Stay,* 2. This Court finds that Plaintiff was made aware of its right to arbitrate, at the latest, when Defendant filed its motion to stay the Circuit Court action in February, 2006. Furthermore, by continuing to litigate after that time Plaintiff's acted inconsistently with that known right. However, the Defendant is still required to show prejudice. *Stifel*, 924 F.2d at 158.

The Defendant argues a number of ways in which they have been prejudiced: 1) the development of a defense strategy specific to litigation, 2) Plaintiff's use of discovery techniques not available in arbitration, and 3) the potential for confusion if all claims are joined in a single action. *Def. Mem. in Opp'n to Pl. Mot. to Stay*, 12-15. Defendant's first argument is easily resolved; if development of a defense strategy was sufficient prejudice, every party opposing arbitration of a suit, that had been pending in federal or state court, would be successful in showing prejudice as a result of Plaintiff's knowledge and inconsistent actions. This Court does not believe that was the intent of the three part test set out in *Stifil*. Defendant's second argument is less easily disposed.

In addressing the question of discovery disputes, the Court notes that it is a heavy burden to show prejudice, and the Defendant "must make an affirmative showing of the harm it will suffer if arbitration is allowed to proceed." *Application of ABN Intern. Capital Markets Corp.*, 812 F.Supp. 418, 420 (S.D.N.Y. 1993). Missouri has adopted the Uniform Arbitration Act which

provides for discovery in arbitration disputes. Mo.Rev.Stat. § 435.380. The Defendants specifically argue that two non-party depositions that were taken by the Plaintiff would not have been available in arbitration. They point to section two of the code which provides "the arbitrators may permit a deposition to be taken, in the manner and upon the terms designated by the arbitrators, of a witness *who cannot be subpoenaed or is unable to attend* the hearing." Mo.Rev.Stat. § 435.380.2 (emphasis added). The Defendant argues that this language limits the arbitrators authority to order depositions to those occasions where the witness cannot be subpoenaed or is unable to attend a hearing. The two individuals, who's depositions were taken by the Plaintiff, would be subject to the arbitrator's subpoena power, and therefore not subject to a deposition. The Plaintiffs counter that arbitrators have broad subpoena power, and that the testimony provided in the deposition would have been subject to discovery in an arbitration proceeding.

Even if Defendant is successful in persuading the Court that the depositions taken by the Plaintiff would not have been available in arbitration, this Court does not believe that they have met their burden of showing prejudice. Defendants rely upon a number of court decisions which provide examples of when a party shows prejudice because of discovery that would be unavailable in arbitration. This Court in reviewing those decisions finds them to be distinguishable. For example, the case of *In the Matter of ABN International Capital Markets Corp.*, the court found waiver, where the party seeking arbitration had undertaken extensive pre-trial procedures in the Netherlands; specifically the questioning of six witnesses who would not be subject to the arbitration proceedings in the United States. 812 F.Supp. 418, 421 (S.D.N.Y. 1993). The case at bar does not involve any testimony which would not be available in the arbitration proceedings, either through subpoena or deposition. A second case cited by the Defendant, *Hoffman*

*Construction Company of Oregon*, is also distinguishable as the party seeking arbitration had already received a state court judgment on claims arising out of the same course of conduct. 969 F.2d at 799 ("the prejudice is staleness of the claim, and more importantly, the subjection of Hoffman [party opposing arbitration] to the litigation process in State Court, the discovery process, the expense of litigation, and the judgment for $679,434.76."). In the present action, the two non-parties who's depositions were taken were the agents that advised the Plaintiff in decisions relating to their investment accounts. These are two of the main witnesses to any dispute involving those investment decisions, and whether through deposition or otherwise, their testimony would undoubtedly be relevant to an arbitration proceeding. Therefore, the Defendant is unable to show a sufficient degree of prejudice to overcome the federal policy in favor of arbitration.

Defendant's third basis for prejudice is also unpersuasive. Although complex cases always present a potential of confusion, the Defendant acknowledges that the Plaintiff could have originally brought all claims in one action in this Court, under this Court's supplemental jurisdiction. *Def. Mem. in Opp'n to Pl. Mot. to Stay* 7. There is no reason to believe that there is any greater potential for confusion in arbitration than in litigation.

## IV. CONCLUSION

The action of the Plaintiff in this case, to proceed in federal court for eight months before seeking arbitration of all claims in a single forum, certainly suggests a change of heart on the part of the Plaintiff. However, parties to litigation often make decisions for a variety of reasons, and it is not this Court's role to determine why such decisions were made. The law is clear that in the absence of a showing of clear prejudice, this Court must stay the present proceedings in favor of

arbitration. The arbitrator will then have discretion in how to proceed with discovery and the elicitation of evidence.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay Pending Arbitration [doc. #31] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Temporary, Preliminary, and Permanent Injunctive Relief Partially Staying AAA Arbitration Case No. 30 435 00617 06 [doc. #35] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [doc. #33] is **DENIED** at this time with leave to refile after Arbitration Proceedings are complete. The previously issued Case Management Order [doc. #16] is **VACATED**. New deadlines will be provided by the Court at a later date.

Dated this 3rd Day of October, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE